FILED

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

2022 FEB 23 PM 2: 36

US DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO, FLORIDA

UNITED STATES OF AMERICA

v.

RONALD ANTHONY BEASLEY II

CASE NO. 6:22-cr-24-PGB-EJK
18 U.S.C. § 1349
18 U.S.C. § 1347
18 U.S.C. § 2

**INDICTMENT**

The Grand Jury charges that:

**COUNT ONE**
**(Conspiracy to Commit Health Care Fraud)**

At all times material to this Indictment:

**The Defendant and Relevant Entities**

1. NH Pharma LLC, d/b/a Precision RX ("NH Pharma"), was a business located in Seminole County, Florida.

2. RONALD ANTHONY BEASLEY II was the pharmacist-in-charge ("PIC") at NH Pharma and was a resident of Orange County in the Middle District of Florida.

**The Medicare Program**

3. The Medicare Program ("Medicare") was a federally funded program that provided free or below-cost health care benefits to, primarily, the elderly, blind, and disabled. The benefits available under Medicare were governed by federal statutes and regulations. The United States Department of Health and Human Services ("HHS"), through its agency, the Centers for Medicare and Medicaid Services

("CMS'"), oversaw and administered Medicare. Individuals who received benefits under Medicare were commonly referred to as Medicare "beneficiaries."

4. Medicare programs covered different types of benefits that were separated into different program parts. Medicare Part D covered or subsidized the costs of prescription drugs for Medicare beneficiaries in the United States.

5. To receive Medicare Part D benefits, a beneficiary enrolled in a Medicare drug plan. Medicare drug plans were operated by private health insurance companies approved by Medicare. Those companies were often referred to as Medicare drug plan "sponsors." A beneficiary in a Medicare drug plan could fill a prescription at a pharmacy and use his or her plan to pay for some or all of the prescription.

6. A pharmacy could participate in Medicare Part D by entering a retail network agreement with one or more Pharmacy Benefit Managers ("PBMs"). A PBM acted on behalf of one or more Medicare drug plans. Through a plan's PBM, a pharmacy could join the plan's network. When a Part D beneficiary presented a prescription to a pharmacy, the pharmacy submitted a claim either directly to the Medicare drug plan sponsor or to a PBM that represented the beneficiary's Medicare drug plan. The Medicare drug plan sponsor or PBM determined whether the pharmacy was entitled to payment for each claim and periodically paid the pharmacy for outstanding claims. The Medicare drug plan sponsor reimbursed the PBM for its payments to the pharmacy.

7. A pharmacy could also submit claims to a Medicare drug plan sponsor whose network the pharmacy did not belong to. The submission of such out-of-

2

network claims was not common and often resulted in smaller payments to the pharmacy by the Medicare drug plan sponsor.

8. Medicare, through CMS, compensated the Medicare drug plan sponsors. Medicare paid the sponsors a monthly fee for each Medicare beneficiary of the sponsors' plans. Such payments were called capitation fees. The capitation fee was adjusted periodically based on various factors, including the beneficiary's medical conditions. In addition, in some cases where a sponsor's expenses for a beneficiary's prescription drugs exceeded that beneficiary's capitation fee, Medicare reimbursed the sponsor for a portion of those additional expenses.

9. Medicare and Medicare drug plan sponsors were "health care benefit program[s]," as defined by 18 U.S.C. § 24(b).

10. Prime Therapeutics LLC ("Prime"), United Healthcare Insurance Company ("United"), Humana Insurance Company ("Humana") and Cardinal Health ("Cardinal"), among others, were Medicare drug plan sponsors.

### The Conspiracy

11. Beginning in or around August 2017, and continuing through in or around February 2019, in the Middle District of Florida, and elsewhere, the defendant,

RONALD ANTHONY BEASLEY II,

did knowingly and willfully combine, conspire, confederate, and agree with others, known and unknown to the Grand Jury, to commit health care fraud, in violation of 18 U.S.C. § 1347.

3

## Manner and Means of the Conspiracy

12. The manner and means by which the defendant and his co-conspirators sought to accomplish the object and purpose of the conspiracy included, among other things, the following:

   a. It was part of the conspiracy that RONALD ANTHONY BEASLEY II would and did work at NH Pharma as the PIC.

   b. It was further part of the conspiracy that RONALD BEASLEY II would and did order medications, including prescription medications and bulk ingredients to be used in compound medications, for NH Pharma.

   c. It was further part of the conspiracy that RONALD ANTHONY BEASLEY II and his co-conspirators would and did prepare compound medications at NH Pharma.

   d. It was further part of the conspiracy that RONALD ANTHONY BEASLEY II and his co-conspirators would and did dispense compound medications and other prescription medications at NH Pharma.

   e. It was further part of the conspiracy that RONALD ANTHONY BEASLEY II and his co-conspirators would and did bill Medicare for compound medications and other prescription medications that were purportedly prepared and dispensed at NH Pharma.

f. It was further part of the conspiracy that RONALD ANTHONY BEASLEY II and his co-conspirators would not and did not purchase sufficient quantities of the medications that NH Pharma billed to Medicare and Medicare drug plan sponsors as purportedly dispensed to Medicare beneficiaries.

g. It was further part of the conspiracy that RONALD ANTHONY BEASLEY II and his co-conspirators would and did submit and cause the submission of false and fraudulent claims, on behalf of NH Pharma, to Medicare and Medicare drug plan sponsors for reimbursement for compound and other prescription medications. These claims falsely and fraudulently represented that NH Pharma dispensed compound medications and other prescription medications that NH Pharma did not have the inventory to fill.

h. As a result of such false and fraudulent claims, Medicare and Medicare drug plan sponsors, through their PBMs, made approximately $1,017,255.65 in payments to NH Pharma that (i) were funded by the Medicare Part D program and (ii) NH Pharma was unable to fill because it lacked the inventory to do so.

i. It was further part of the conspiracy that RONALD ANTHONY BEASLEY II and his co-conspirators would and did use the proceeds from the false and fraudulent Medicare Part D claims for their own use, for the use and benefit of others, and to further the fraud.

j.  It was further part of the conspiracy that RONALD ANTHONY BEASLEY II and his co-conspirators would and did perform acts and make statements to hide and conceal, and cause to be hidden and concealed, the purpose of the conspiracy and the acts committed in furtherance thereof.

All in violation of 18 U.S.C. § 1349.

## COUNTS TWO THROUGH FOUR
### (Health Care Fraud)

13. Paragraphs 1 through 10 of this Indictment are re-alleged and incorporated by reference as though fully set forth herein.

### The Scheme and Artifice to Defraud

Beginning in or around August 2017, and continuing through in or around February 2019, in the Middle District of Florida, and elsewhere, the defendant,

RONALD ANTHONY BEASLEY II,

aided and abetted by others, did knowingly and willfully, execute, and attempt to execute, a scheme and artifice to defraud a health care benefit program affecting commerce as defined by 18 U.S.C. § 24(b), that is, Medicare, and to obtain by means of materially false and fraudulent pretenses, representations, and promises, money and property owned by, and under the custody and control of, said healthcare benefit program, in connection with the delivery of and payment for health care benefits, items, and services.

6

## Manner and Means of the Scheme and Artifice to Defraud

14. The allegations contained in paragraphs 12a through 12j of the Manner and Means section of Count One of this indictment are re-alleged and incorporated by reference as though fully set forth herein.

## Execution or Attempted Execution of the Scheme and Artifice to Defraud

15. On or about the dates set forth as to each count below, in the Middle District of Florida, and elsewhere, the defendant, RONALD ANTHONY BEASLEY II, did knowingly and willfully execute, and attempt to execute, the above-described scheme and artifice to defraud a health care benefit program affecting commerce, as defined in 18 U.S.C. § 24(b), that is Medicare, and to obtain by means of materially false and fraudulent pretenses, representations, and promises, money and property owned by, and under the custody and control of said health care benefit program, in connection with the delivery of and payment for health care benefits, items, and services, in that the defendant RONALD ANTHONY BEASLEY II, aided and abetted by others, submitted and caused the submission of false and fraudulent claims, seeking the identified dollar amounts, and representing that such benefits, items, and services were, in fact, dispensed, medically necessary, and eligible for Medicare reimbursement:

| Count | Beneficiary | Claim Number | Approximate Date of Service | Item Billed | Approximate Amount Paid |
|---|---|---|---|---|---|
| TWO | M.V. | 1806050552380739978866 | 3/1/2018 | DOXEPIN HYDROCHLORIDE | Paid: $2,490.09 |
| THREE | L.E. | 182613925323012999 | 9/18/18 | FLUOROURACIL | Paid: $3,176.43 |
| FOUR | C.R. | 190093796549057999 | 1/9/2019 | SANTYL | Paid: $1,013.21 |

Each in violation of 18 U.S.C. §§ 1347 and 2.

## FORFEITURE

16. The allegations contained in Counts One through Four are incorporated by reference for the purpose of alleging forfeiture pursuant to 18 U.S.C. § 982(a)(7).

17. Upon conviction of the violation of 18 U.S.C. §§ 1347 and 1349, the defendant shall forfeit to the United States, pursuant to 18 U.S.C. § 982(a)(7), any property, real or personal, that constitutes or is derived, directly or indirectly, from gross proceeds traceable to the commission of the offense.

18. The property to be forfeited includes, but is not limited to, the following: $103,295.69, which represents the proceeds of the offense.

19. If any of the property described above, as a result of any act or omission of the defendant:

    a. cannot be located upon the exercise of due diligence;

    b. has been transferred or sold to, or deposited with, a third party;

      c. has been placed beyond the jurisdiction of the Court;

      d. has been substantially diminished in value; or

      e. has been commingled with other property which cannot be divided without difficulty;

the United States shall be entitled to forfeiture of substitute property under the provisions of 21 U.S.C. § 853(p), as incorporated by 18 U.S.C. § 982(b)(1).

A TRUE BILL,

FOREPERSON  *Deputy*

ROGER B. HANDBERG  
United States Attorney

JOSEPH S. BEEMSTERBOER  
Acting Chief  
Criminal Division, Fraud Section

By: _____  
Alejandro J. Salicrup  
Trial Attorney  
Criminal Division, Fraud Section  
U.S. Department of Justice

By: _____  
Chauncey Bratt  
Assistant United States Attorney  
Deputy Chief, Orlando Division

FORM OBD-34
APR 1991

No. _____

# UNITED STATES DISTRICT COURT
Middle District of Florida
Orlando Division

THE UNITED STATES OF AMERICA

vs.

RONALD ANTHONY BEASLEY II

## INDICTMENT

Violations:

18 U.S.C. § 1349
18 U.S.C. § 1347

A true bill,

_____
Foreperson  *Deputy*

Filed in open court this 23 day of February, 2022.

_____
Clerk

Bail $ _____

GPO 863 525